FILED
SUPERIOR COURT
OF GUAM

2021 FEB -1 PM 5: 05

CLERK OF COURT
By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>                Plaintiff,<br><br>      **vs.**<br><br>**MIKANGELO CAMPOS CHARFAUROS,**<br>DOB: 05/06/1966<br><br>               Defendant. | **Criminal Case No. CM0485-20**<br>GDP Report No. 20-28998<br><br><br><br>**DECISION AND ORDER DENYING DEFENDANT'S EX PARTE MOTION AND APPLICATION FOR BAIL REDETERMINATION** |

### INTRODUCTION

This matter came before the Honorable Dana A. Gutierrez on December 1, 2020 and December 16, 2020, to address Defendant Mikangelo Campos Charfauros's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A § 40.50 For Release on Personal Recognizance ("Motion for Bail Redetermination"), filed on November 23, 2020. Present via Zoom were Defendant; Attorney David Highsmith of the Public Defender Service Corporation representing Defendant; and Assistant Attorney General Richelle Canto representing the People of Guam (the "People"). On December 16, 2020, the Court **DENIED** Defendant's Motion from the bench.[1] The Court now issues this Decision and Order to memorialize its ruling and comply with 8 G.C.A § 40.50(a).[2]

---

[1] The Court notes that at a Further Proceedings hearing on January 8, 2021, Defendant orally renewed his Motion for Bail Redetermination. However, the Court clarifies that this Order's application is limited to the November 23, 2020 Motion and the Court's subsequent denial from the bench on December 16, 2020.
[2] Title 8 G.C.A. § 40.50(a) requires that "unless the conditions of release are amended and the person is thereupon released, the judge shall set forth in writing the reasons for requiring the conditions imposed."

## BACKGROUND

On November 18, 2020, Defendant was charged with Violation of a Court Order (As a Misdemeanor). Defendant was confined at the Department of Corrections pending the posting of two thousand dollars ($2,000) cash bail. Commitment Order (November 18, 2020).

On November 23, 2020, Defendant filed the instant Motion requesting the Court to release him on his personal recognizance. Mot. for Bail Redetermination at ¶ 1 (Nov. 23, 2020). The People did not file a written opposition to the Motion. However at the December 1 and December 16, 2020 hearings, the People stated they oppose Defendant's release. The Victim Advocate also indicated that Sylvia Charfauros ("victim") opposed Defendant's release and requested a Stay Away and No Contact Order.[3] The Court **DENIED** Defendant's Motion from the bench and ordered that Defendant remain confined.

## DISCUSSION

Guam law entitles every person charged with an offense to be released pending trial. 8 G.C.A. § 40.10. Generally, a judge must order a charged person to be released on recognizance, unless the judge determines, in her discretion and on the basis of available information, that such release will not reasonably assure the appearance of the person or will endanger the safety of any person or the community. 8 G.C.A. § 40.15(b). "In determining whether there is a substantial risk of nonappearance by the person charged or that the person charged will endanger the safety of any other person or the community, the judge *shall* consider the following factors:

> 1. The nature of the offense charged, the apparent possibility of conviction and the likely sentence;
> 2. The history and characteristics of the person charged,
> [ . . . ]

---

[3] At the hearing, Defendant did not oppose the victim's and the People's request for a Stay Away and No Contact Order. Min. Entry, at 10:52:12 AM (Dec. 16, 2020). The Court issued the Stay Away and No Contact Order on December 18, 2020.

> 3. The nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
> 4. Statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
> [ . . . ]
> 6. Any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released."

8 G.C.A. § 40.15(c). If the judge determines that release of the charged person on his own recognizance will not reasonably assure his appearance or will endanger the safety of the community, the judge must impose the lease onerous condition that is reasonably likely to assure the person's appearance and the safety of the community. 8 G.C.A. § 40.20.

In this case, Defendant was charged with Violation of a Court Order (As a Misdemeanor) in that he knowingly violated a court order enjoining him from threatening to commit or committing acts of family violence against, or from harassing, annoying, the victim, family, or household member. Magistrate's Complaint (Nov. 18, 2020). In applying the above factors, first, the nature of the offense charged arises out of an incident on November 17, 2020, wherein Defendant was allegedly yelling, cussing, and throwing objects in the victim's residence. *Id.*

Second, the offense charged and the charges in Defendant's other pending cases[4] reflect Defendant's history of ignoring Court orders to stay away from the victim. Third, because of Defendant's history of failing to comply with the Court's orders, there is a high risk that Defendant's release would pose a danger to the community and to the victim in this case.

---

[4] Defendant has two other pre-trial criminal cases in the Superior Court of Guam. In CM0179-20, Defendant was charged with 1) Violation of a Court Order (As a Misdemeanor) and 2) Harassment (As a Petty Misdemeanor). The victim in CM0179-20 is Sylvia Charfauros, the same victim as in the case at bar. In CM0132-20, Defendant was charged with Family Violence (As a Misdemeanor), and the victim is Defendant's relative, Herbert Fukuda, who appears to reside with the victim in the case at bar. *Compare* Magistrate's Complaint, CM0132-20 (March 23, 2020), *with* Magistrate's Complaint, CM0179-20 (May 13, 2020).

Fourth, at the December 16, 2020 hearing, the People informed the Court that the victim opposes Defendant's release. Min. Entry, at 10:50:50 AM (Dec. 16, 2020).

Lastly, at the December 1, 2020 hearing, the Court granted Defendant's request for a continuance in order to allow the Defendant time to coordinate with the Probation Services Division to complete an Eligibility Assessment for the Electronic Monitoring Program. Min. Entry, at 10:22:04 AM (Dec. 1, 2020). At the December 16, 2020 hearing, Defendant informed the Court that he would not be able to participate in the Electronic Monitoring Program as he does not have a residence. Min. Entry, at 10:49:59 AM (Dec. 16, 2020). Additionally, Defendant could not provide the Court with a phone number or any physical location where he intends to reside upon release. *Id.*

Thus, in consideration of the nature of the offense charged, Defendant's history of ignoring court orders and harassing the victim in this case, the danger the Defendant would pose to the victim and the community, the opposition of the People and of the victim, and Defendant's ineligibility for the Electronic Monitoring Program, the Court finds that Defendant poses a danger to the victim and the community, and there is a substantial risk of nonappearance by the Defendant before the Court at future hearings.

Therefore, the Court finds that releasing Defendant on a personal recognizance bond without any contact information or a physical location at which he will reside, or alternatively without participation in the Electronic Monitoring Program, is insufficient to ensure his presence in court and the safety of the victim and the community. Accordingly, the Court finds that the conditions imposed by the November 18, 2020 Commitment Order are the least onerous conditions imposable to ensure Defendant's appearance and the safety of the victim and the community.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion and Application for Bail Redetermination Under 8 G.C.A § 40.50 For Release on Personal Recognizance.

**SO ORDERED** this 1st day of February, 2021, *nunc pro tunc* to December 16, 2020.

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**